UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JOHN G. FLORENDO, an individual;
DEBORAH P. FLORENDO, an individual,

Plaintiffs,

v.

THE BANK OF NEW YORK MELLON, *et al.*,

Defendants.

Case No. 2:25-cv-02370-MMD-DJA

ORDER

## I.    SUMMARY

In their First Amended Complaint, filed in February 2026, *pro se* Plaintiffs John G. Florendo and Deborah P. Florendo assert multiple claims generally alleging wrongful foreclosure and related misconduct regarding their property located at 9 Summit Walk Trail, Henderson, Nevada 89052-6696 (the "Property") against Defendant[1] The Bank of New York Mellon fka The Bank of New York, as Successor Trustee to JP Morgan Chase Bank, N.A., as Trustee for the Holders of Sami II Trust 2006-AR7 ("BONY"). (ECF No. 18 ("FAC").) Before the Court is Defendant BONY's motion to dismiss all claims asserted against it (ECF No. 19 ("Motion").)[2] BONY also filed a request for judicial notice along

---

[1]Additional named Defendants include: Affinia Default Services ("Affinia"); ROES 1-10 and DOES 1-10, inclusive, representing "a class of unknown persons who claim or have the right to claim an interest in certain real property located at 9 Summit Walk Trail, Henderson, NV 89052-6696." (ECF No. 18 at 1.) The Court sua sponte dismisses these defendants based on claim preclusion. A court "may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related." *Silverton v. Dep't of the Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981); *see also Abaghinin v. Amvac Chem. Corp.*, 545 F.3d 733, 742-743 (9th Cir. 2008).

[2]Plaintiffs responded (ECF No. 23), and Defendant replied (ECF No. 24).

with its Motion. (ECF No. 20.)[3] As further explained below, the Court will grant the Motion because Plaintiffs' case is barred by the doctrine of claim preclusion.

## II.    BACKGROUND

The following facts are primarily adapted from the FAC (ECF No. 18) and the publicly recorded documents referenced therein. This action arises from a dispute concerning the authority to foreclose on the Property. (*Id.* at 3.)

On or about June 16, 2006, Plaintiffs refinanced their home by executing a promissory note (the "Note") in favor of Republic Mortgage, LLC dba Republic Mortgage. (*Id.* at 5.) The Note was secured by a Deed of Trust ("DOT") recorded against the Property. (*Id.*; ECF No. 20-1.) Plaintiffs acknowledge that they subsequently defaulted on their Note and DOT (collectively, the "Loan") by failing to make their March and April 2008 payments. (ECF No. 18 at 5.) As a result, a "Notice of Default and Election to Sell Under Deed of Trust" ("2008 NOD") was executed and recorded in October 2008. (*Id.* at 5-6.) In January 2011, a Corporation Assignment of Deed of Trust ("2011 Assignment") was recorded assigning the DOT to BONY. (*Id.* at 6.) A rescission of the prior election to declare default was later recorded in December 2012. (*Id.*)

Thereafter, in September 2013, an Assignment of Deed of Trust ("2013 Assignment") was recorded purporting to assign the DOT from Bank of America, N.A. to

---

[3]Defendant requests the Court take judicial notice of multiple documents of public record, including: the Deed of Trust ("DOT") for the Property, the Assignment of DOT, the 2014 and 2023 Substitutions of Trustee ("SOT"), and the 2014, 2024, and 2025 Notices of Default ("NOD"). (ECF No. 20 at 1-2.) Defendant also asks the Court to take judicial notice of documents filed in federal and state court in Nevada, including decisions by the District of Nevada and the Eighth Judicial District Court, Clark County, Nevada, in which Plaintiffs contest foreclosure of the Property. (*Id.* at 2-3.) On a motion to dismiss under Rule 12(b)(6), the Court may consider materials "incorporated by reference" into the complaint and may take judicial notice of "matters of public record." *See Mack v. S. Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986); *see also United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may…consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment."). If the Court otherwise considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d). Accordingly, the Court takes judicial notice of the publicly recorded documents as well as the documents filed in or by Nevada state court and the District of Nevada. *See, e.g., Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012).

2

Nationstar Mortgage LLC ("Nationstar") (the "2013 Assignment"). (*Id.*; ECF No. 20-2.) Plaintiffs' claims are premised on the contention that the 2013 Assignment deprived Defendant BONY of the authority to pursue foreclosure proceedings. (ECF No. 18 at 9, 13-14.)

In March 2023, BONY executed a Substitution of Trustee ("2023 SOT") appointing Affinia as trustee under the DOT. (ECF No. 20-5.) Affinia thereafter recorded a Notice of Default and Election to Sell Under Deed of Trust ("2024 NOD") in August 2024. (ECF No. 18 at 8; ECF No. 20-6.) In October 2025, Affinia recorded a subsequent Notice of Default and Election to Sell Under Deed of Trust ("2025 NOD") on behalf of BONY. (ECF No. 18 at 8; ECF No. 20-7.) The 2025 NOD appears to form the basis of Plaintiffs' claims. In particular, Plaintiffs repeatedly allege that BONY "lacks standing to authorize an Election to Sell Under Deed of Trust" as a result of the 2013 Assignment. (ECF No. 18 at 9, 13-14.) Stated differently, Plaintiffs claim that Defendant has "engaged in statutorily defective foreclosure" and thus seeks rescission of the 2025 NOD. (*Id.* at 9.)

Plaintiffs assert multiple claims against all Defendants for statutorily defective foreclosure under Nevada law (§§ NRS 107.080, 107.0805), abuse of process, and declaratory relief. (ECF No. 18 at 8-16.) However, as previously stated, Plaintiffs acknowledge in the FAC that they defaulted on the Loan in 2008. (*Id.* at 5.) The FAC does not allege that Plaintiffs cured the default or tendered the amounts due under the Note. Prior to filing this action, Plaintiffs also brought wrongful foreclosure challenges concerning the Property in both state and federal court proceedings.[4] (ECF Nos. 20-8, 20-9.)

///

///

---

[4] *John Florendo v. Nationstar Mortgage LLC, et al.*, Case No. A-17-762998-C, filed in the Eighth Judicial District Court, Clark County, Nevada (the "State Action") (ECF No. 20-8); and *John G. Florendo and Deborah P. Florendo v. The Bank of New York Mellon FKA Bank of New York as Successor Trustee to JP Morgan Chase Bank, NA, as Trustee for the Holders of SAMI Trust 2006-AR7, Mortgage Pass-Through Certificates, Series 2006-AR7, et al.*, Case No. 2:20-cv-02088-APG-DJA, filed in the U.S. District Court, District of Nevada (the "Federal Action") (ECF No. 20-9).

### III.  DISCUSSION

BONY seeks dismissal on multiple valid grounds, but the Court will only address its claim preclusion argument, which it finds the most compelling.[5] (ECF No. 19 at 7-8.) Because the Court finds that this action is precluded as duplicative of prior cases, the Court will grant dismissal.

"Claim preclusion is a broad doctrine that bars bringing claims that were previously litigated as well as some claims that were never before adjudicated." *Clements v. Airport Auth. of Washoe Cnty.*, 69 F.3d 321, 327 (9th Cir. 1995). "Res judicata [claim preclusion] bars all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties in the same cause of action." *Clark v. Bear Stearns & Co., Inc.*, 966 F.2d 1318, 1319 (9th Cir. 1992) (internal citation omitted). Stated differently, claim preclusion can apply to all claims that were or could have been raised in an initial case. *See, e.g.*, *Univ. of Nev. v. Tarkanian*, 879 P.2d 1180, 1192 (Nev. 1994).

Defendant argues that Plaintiffs previously challenged foreclosure-related activity concerning the Property in both the State and Federal Actions and that the present action is barred by claim preclusion because it raises claims that were, or could have been, asserted in those prior proceedings. (ECF No. 19 at 7; ECF No. 24 at 2.) The Court agrees.

Under Nevada law, claim preclusion applies when: "(1) the parties or their privies are the same, (2) the final judgment is valid, and (3) the subsequent action is based on the same claims or any part of them that were or could have been brought in the first case." *Five Star Capital Corp. v. Ruby*, 194 P.3d 709, 713 (Nev. 2008) (internal citations omitted). Defendant has shown that all three requirements are met between the State and Federal Actions and this case.

As to the first element, Plaintiffs asserted claims against Nationstar in the State Action. (ECF No. 20-8.) Defendant contends that Nationstar, as servicer of the Loan, was

---

[5]Because the Court grants the Motion based on claim preclusion, it does not reach or address the Defendant's remaining arguments as to other grounds for dismissal.

4

"in privity" with BONY for claim preclusion purposes. (ECF No. 19 (citing ECF Nos. 20-4, 20-7).) The Court agrees. Indeed, this District has recognized that, in mortgage-related litigation, "courts routinely find that business entities on the lender's side of a mortgage loan – including successor and predecessor servicers, trustees, and beneficiaries [–] stand in privity with one another.'" *Van Damme v. Nat'l Default Servicing Co.*, No. 2:24-cv-02376-RFB-EJY, 2025 WL 2530648, at *6 (D. Nev. Sept. 2, 2025) ("privity may be found in situations where the relationship between the parties is sufficiently close to supply preclusion") (internal citations omitted). Because the record reflects that Nationstar serviced the Loan and acted on BONY's behalf in connection with foreclosure proceedings, the Court finds that Nationstar and BONY are in privity for purposes of claim preclusion. Moreover, BONY was, itself, a named defendant in the Federal Action. (ECF No. 20-9.) Accordingly, the identity-of-parties requirement is satisfied.

As to the second element, the record demonstrates that valid final judgments were entered in both the State and Federal Actions. (ECF Nos. 20-10, 20-11.) As to the third element, the Court finds that Plaintiffs had sufficient opportunity to assert their claims underlying the present action in the prior proceedings but failed to do so. Specifically, Plaintiffs' present theory—i.e., that BONY lacked foreclosure authority because of the 2013 assignment—arises from the same foreclosure-related events that formed the basis of the earlier litigation. However, Plaintiffs failed to raise this claim in the earlier actions.

Accordingly, the Court concludes that the parties between the prior cases and this case are sufficiently the same, or in privity with one another, valid final judgments were entered, and Plaintiffs could have asserted their present claims in the earlier-filed cases. The Court therefore finds that all three factors weigh in favor of finding the present action barred by claim preclusion. The Court thus grants the Motion on this ground.

## IV.    CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and

determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

It is further ordered that Defendant BONY's motion to dismiss (ECF No. 19) is granted.

It is further ordered that the claims against the remaining Defendants are dismissed based on claim preclusion.

The Clerk of Court is directed to enter judgment in accordance with this Order and close this case.

DATED THIS 15th Day of June 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE